***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Jones. The appealing party has shown good grounds to amend the prior Opinion and Award. Accordingly, the Full Commission REVERSES the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pretrial agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. Defendant is a duly self-insured and the North Carolina School Board Association is the servicing agent.
4. Plaintiff's average weekly wage was $322.94.
5. Plaintiff's medical records were stipulated into evidence as Stipulated Exhibit 1.
6. Industrial Commission Forms and filings were stipulated into evidence as Stipulated Exhibit 2.
7. Employment records from plaintiff's personnel file were stipulated into evidence as Stipulated Exhibit 3.
8. The issues before the Full Commission are: (i) whether plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer on January 29, 2001; (ii) whether plaintiff's current medical condition is causally related to an injury by accident which occurred on January 29, 2001; and (iii) if compensable, what compensation, if any, is plaintiff entitled?
 ***********
Based on the evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was forty-eight (48) years old. Plaintiff has a high school education.
2. Plaintiff has been employed by defendant-employer since June 2000 as a custodian for Hoggard High School, with principal job responsibilities of cleaning, mopping, buffing, dusting and generally maintaining the inside of the school.
3. Plaintiff had previously been employed as a commercial truck driver prior to working for defendant-employer.
4. Robert Newton, assistant principal at John T. Hoggard High School, was plaintiff's supervisor.
5. On January 29, 2001, plaintiff was buffing a classroom when he bumped his right knee. Plaintiff's knee was bruised as result of the impact with a teacher's desk. Plaintiff completed his work duties on January 29, 2001 and went to his home.
6. Plaintiff's pain did subside that night but increased the next day while he was walking. Plaintiff was experiencing a throbbing pain in his right knee.
7. Plaintiff reported the accident to Maggie Walker, the night custodian supervisor, at the high school. Plaintiff completed an accident report.
8. Plaintiff was treated by David Esposito, M.D., of Carolina Sports Medicine and Joint Replacement Specialists, as a result of his injury to his right knee. Plaintiff reported to Dr. Esposito that he had injured his knee by hitting a desk on January 29, 2001. Initially, Dr. Esposito diagnosed plaintiff with non-septic bursitis. Dr. Esposito gave plaintiff work restrictions.
9. Dr. Esposito released plaintiff from care on February 14, 2001, to return to full duty without restriction.
10. On August 1, 2002, plaintiff returned to Dr. Esposito for right knee pain which he had been experiencing for several weeks. Dr. Esposito diagnosed plaintiff with a medial meniscus tear, internal derangement and synovitis.
11. In a letter dated April 14, 2003, Dr. Esposito indicated that plaintiff had degenerative changes that pre-existed the injury on January 29, 2001. Dr. Esposito indicated that because there was a six-month interval between the injury and his subsequent visit on August 1, 2002, the injury may have aggravated the pre-existing degenerative changes. However, Dr. Esposito was mistaken in his calculation, where he indicated that only six months had passed between the injury and the subsequent visit, when in actuality eighteen months had passed. Therefore, little weight is given to his opinion.
12. The greater weight of the evidence indicates that plaintiff's injury had resolved.
13. Plaintiff failed to prove by the greater weight of the evidence that the symptoms reported on August 1, 2002 were related to the January 29, 2001 injury. The symptoms reported at that time were due to degenerative changes.
 ***********
Based upon the evidence of record, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer on January 29, 2001. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff failed to prove by the greater weight of the evidence that the symptoms reported on August 1, 2002 arose out of the compensable injury. N.C. Gen. Stat. § 97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim is DENIED.
2. Each side shall bear its own costs.
This the ___ day of ___ 200_.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER